JONATHON M. MARK,

        Plaintiff,

  v.

                                    Case No. 22-cv-1152-pp

ROBERT HUMPHREYS
and KELLY SALINAS,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

    Plaintiff Jonathon M. Mark, who is representing himself, has filed a complaint alleging that the defendants violated his constitutional rights when he was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

    To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which

---

[1] The plaintiff was not incarcerated when he filed this case, and he currently is not incarcerated.

1

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is employed and earns about $1,200 per month, that he has about $605 in monthly expenses, that he owns a vehicle (1996 Jeep Cherokee) worth about $500, that his checks (presumably his paychecks) are garnished at 20% and that he currently is homeless. Dkt. No. 2. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. The court will grant the motion for leave to proceed without prepaying the filing fee.

**II.    Screening of Complaint**

    A.    Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     Plaintiff's Allegations

The plaintiff sues Robert Humphreys, who works at the Kettle Moraine Correctional Institution, and Kelly Salinas, who works at the Dodge Correctional Institution. Dkt. No. 1 at 1-3. He alleges that between January 1 and April 18, 2018, Humphreys provided false information and relied on this false information to make his decisions as warden and as the appropriate reviewing authority to corrupt the Inmate Complaint Review System, in violation of the plaintiff's right to due process. Id. at 3 at ¶1. The plaintiff also alleges that between January 1 and April 18, 2018, Salinas provided false information in her reports and/or decisions as an institution staff person and in her capacity as the institution complaint examiner to corrupt the Inmate

3

Complaint Review System, in violation of the plaintiff's right due process. Id. at ¶2. The plaintiff alleges that in taking these actions, the defendants conspired to violate his due process rights. Id. at ¶3. The plaintiff seeks monetary damages and injunctive relief. Id. at 4.

C. Analysis

Prison grievance procedures "do not by their very existence create interests protected by the Due Process Clause," and the alleged mishandling of grievances, without more, does not state a claim. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). A violation of state laws or regulations is not a basis for a federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage Cty., Wis., 523 F.3d 776, 784 (7th Cir. 2008)). The plaintiff's allegations that the defendants provided, or relied on, false information in their inmate complaint reports and decisions to corrupt the Inmate Complaint Review System does not state a claim for relief under federal law.

The court usually gives litigants the chance to amend a complaint before dismissing with prejudice and entering final judgment. See, *e.g.*, Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022). The court need not give a plaintiff a chance to amend, however, when it is certain that amendment would be futile. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015). It would be futile to allow the plaintiff to file an

4

amended complaint because even if the defendants did what the plaintiff says they did, he would not have a federal constitutional claim against them.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the plaintiff must pay the $350 filing fee as he is able.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of November, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:22-cv-01152-PP   Filed 11/30/22   Page 6 of 6   Document 5